**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIKTORIIA HORDIICHUK, | Case No. 5:26-cv-01278-RAO |
| Petitioner, | |
| v. | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |
| PAMELA BONDI, *et al*., | |
| Respondents. | |

## I.   **INTRODUCTION**

On March 18, 2026, Viktoriia Hordiichuk ("Petitioner"), represented by counsel, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") against Pamela Bondi, then Attorney General of the United States; Kristi Noem, then Secretary, U.S. Department of Homeland Security; U.S. Department of Homeland Security ("DHS"); Andres Quinones, Field Office Director of Immigration and Customs Enforcement ("ICE"); DHS; and Warden, Adelanto Detention Center (collectively, "Respondents").  Dkt. No. 1 ("Pet.").

On March 23, 2026, the matter was assigned to the undersigned for final disposition after the parties filed their joint consent. *See* Dkt. Nos. 8, 10.  On March 27, 2026, Respondents filed an Answer to the Petition ("Answer").  Dkt. No. 14

("Ans."). Petitioner filed a Reply to Respondents' Answer to her Petition for Writ of Habeas Corpus ("Reply") on March 27, 2026. Dkt. No. 15.

For the following reasons, the Petition is GRANTED IN PART.

## II.   BACKGROUND

### A.   Factual Background

The Court incorporates by reference the facts from the Petition. *See* Pet. ¶¶ 1–10.

### B.   Procedural Background

On March 18, 2026, Petitioner, represented by counsel, filed the instant Petition against Respondents. *See generally* Pet. Petitioner contends she was unlawfully detained after release on parole, in violation of her Fifth Amendment substantive and procedural due process rights, in violation of her Fourth Amendment right to be free from unreasonable seizures, and in violation of the Administrative Procedure Act ("APA"). *Id.* She requested that the Court order her immediate release and prohibit her re-detention without a pre-deprivation hearing at which Respondents bear the burden of proving that she is a flight risk or a danger to the community. *Id.* at 20–21.

Petitioner is currently detained by ICE at the Adelanto ICE Detention Center within this District. Pet. ¶ 11.[1]

On March 20, 2026, Petitioner filed an Ex Parte Application for Temporary Restraining Order. Dkt. No. 4. The same date, the Court issued an initial order setting a briefing schedule. Dkt. No. 5. Also on the same date, the Court issued an order directing that Petitioner not be removed from the Central District of California during the pendency of this action. Dkt. No. 6. The Court's order further directed that Petitioner not be transferred except to a facility within this District to ensure

---

[1] The publicly available ICE records likewise reflect that the Petitioner is currently detained by ICE at the Adelanto ICE Detention Center within this District.

Petitioner has adequate access to legal counsel. *Id.*

On March 23, 2026, the matter was assigned to the undersigned for final disposition after the parties filed their joint consent. *See* Dkt. Nos. 8, 10. Petitioner subsequently withdrew the Ex Parte Application for Temporary Restraining Order on March 24, 2026. Dkt. No. 11. On March 25, 2026, the Court issued an amended order setting a briefing schedule. Dkt. No. 12.

On March 27, 2026, Respondents filed an Answer to the Petition. *See* Ans. Respondents indicated in their Answer that they "are not presenting an opposition argument at this time." *Id.* at 2.

Petitioner filed a Reply to Respondents' Answer to her Petition for Writ of Habeas Corpus on March 27, 2026. *See* Reply. Petitioner's Reply does not provide any additional arguments, rather, "Petitioner respectfully requests that this Court grant her petition and order her release forthwith." *Id.* at 2.

### III.   LEGAL STANDARD

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The statute does not require a person to be physically imprisoned to be in custody; rather, habeas relief is available where the person is subject to "restraints not shared by the public generally." *Jones v. Cunningham*, 371 U.S. 236, 240 (1963).

### IV.   DISCUSSION

Petitioner claims her current detention violates the Fourth Amendment, the Fifth Amendment's Due Process Clause, and the Administrative Procedure Act. *See* Pet. ¶¶ 29–50. For the reasons set forth below, the Court finds that Petitioner's detention is unlawful under the Fifth Amendment.

///

///

///

### A.      The Court has Jurisdiction

Petitioner argues that this Court has jurisdiction over the present action based on 28 U.S.C. § 2241 and 28 U.S.C. § 1331.  Pet. ¶ 17.  Respondents do not contest this Court's jurisdiction over the Petition.

As the Court has an obligation "to determine that [it has] jurisdiction before proceeding to the merits" of any case, it will first address whether it has jurisdiction over Petitioner's claims.  *Lance v. Coffman*, 549 U.S. 437, 439 (2007); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).

Here, Petitioner seeks review of the legality of her detention.  *See generally* Pet.  Petitioner's due process claim challenges her re-detention, without any notice, any reasons given for the revocation, or any opportunity to argue why she should be permitted to remain at liberty.  *See* Pet. ¶¶ 29–40.  Accordingly, as other courts in this District have found in similar cases, the Court has jurisdiction to hear Petitioner's claims that her detention is unlawful under 28 U.S.C. § 2241.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) (finding that the court would have jurisdiction under § 2241 to consider errors of law in immigration detention, including due process violations); *Hernandez v. Session*, 872 F.3d 976, 986 (9th Cir. 2017) (finding that the court had jurisdiction to hear constitutional claims about immigration detention under § 2241); *M.R. v. LaRose*, No. CV 25-3710 JLS (BLM), 2026 WL 40839, at *2 (S.D. Cal. Jan. 6, 2026) (similar); *Garcia v. Andrews*, No. CV 25-1884-TLN (SCR), 2025 WL 1927596, at *1 n.1 (E.D. Cal. July 14, 2025) (similar); *see also Walters v. Reno*, 145 F.3d 1032, 1052 (9th Cir. 1998) (concluding that § 1252(g) does not impose a jurisdictional bar to petitioner's claims regarding constitutional violations).

In sum, the Court has jurisdiction.

///

///

### B.   Petitioner's Re-Detention Violates Due Process

Petitioner argues her re-detention without a pre-detention hearing violates her procedural due process rights.  *See* Pet. ¶¶ 34–40.  The Court agrees.

"The Due Process Clause of the Fifth Amendment prohibits the Government from depriving individuals of their life, liberty, or property, without due process of law."  *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  "It is well-established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings."  *Reno v. Flores*, 507 U.S. 292, 306 (1993) (citation omitted).  Due process protections includes noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent," and those subject to a final order of deportation.  *Zadvydas v. Davis*, 533 U.S. 678, 693–94 (2001).  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects."  *Id*. at 690.  The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property."  *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).  Although the government may have discretion over the initial decision to detain or release a noncitizen, "the government's decision to release an individual from custody creates 'an implicit promise,' upon which that noncitizen may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the . . . conditions [of release].'"  *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).  "Thus, even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody."  *Pinchi*, 792 F. Supp. 3d at 1032 (citing *Romero v. Kaiser*, No. CV 22-20508, 2022 WL 1443250, at *2 (N.D. Cal. May 6, 2022)).

///

///

Petitioner's due process claim is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. CV 25-1884-TLN (SCR), 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). The Court analyzes each step in turn.

Here, Petitioner was released from Respondents' custody on parole on April 18, 2022, after Respondents determined that Petitioner was not a flight risk or danger to the community. Pet. ¶ 3–4. Respondents do not argue that Petitioner violated the terms of her parole. *See id.* ¶ 9. Further, Petitioner argues that Respondents do not have particularized evidence that Petitioner is a danger to the community or a flight risk. *Id.* Petitioner contends that since her parole into the United States, she has timely pursued lawful status, applied for immigration benefits, and attended all scheduled appointments. *Id.* ¶ 40. Petitioner thus has a protected liberty interest in her continued freedom. *See M.R. v. LaRose*, No. CV 25-3710 JLS (BLM), 2026 WL 40839, at *2 (S.D. Cal. Jan. 6, 2026) (finding the petitioner had a protected liberty interest in remaining out of custody where she was determined not to be a danger to the community or a flight risk, was released, and complied with all conditions of her release); *Noori v. LaRose*, No. CV 25-1824-GPC (MSB), 2025 WL 2800149, at *10 (S.D. Cal. Oct. 1, 2025) ("Petitioner is not an 'arriving' noncitizen but one that has [been] present in our country for over a year. This substantial amount of time indicates he is afforded the Fifth Amendment's guaranteed due process before removal."). Even though Petitioner's parole may have expired when its term ended on April 17, 2024, the Court nevertheless concludes Petitioner retains her protected

liberty interest because her "liberty interest did not expire along with [her] parole."[2] *See Omer G.G. v. Kaiser, et al.*, No. CV 25-1471-KES (SAB), 2025 WL 3254999, *5 (E.D. Cal. 2025); *Rodriguez Cabrera v. Mattos*, No. CV 25-1551-RFB (EJY), 2025 WL 3072687, *11 (D. Nev. 2025) (finding that petitioner's "liberty interest is particularly strong given his initial release from detention in 2022, and the fact that Respondents did not seek his return to custody upon the expiration of his parole in December 2022, or in the three years since.").

Given Petitioner's protected liberty interest, the Court must determine what procedural protections are due to protect that liberty interest. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). This requires balancing the three factors the Supreme Court set forth in *Mathews*. Courts must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the [g]overnment's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id*.

With respect to the first factor, Petitioner has a substantial interest in remaining out of immigration custody. Petitioner gained a liberty interest in her continued freedom when she was initially released on parole. Prior to her recent detention, Petitioner had been out of custody for nearly four years, and during that time, established a life in the United States and complied with the terms of her parole. Her detention denies her that freedom. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) ("The Supreme Court has repeatedly recognized that individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty." (citation omitted)); *see also Ramirez*

---

[2] The I-94 information form Petitioner attaches to her Petition indicates that Petitioner's parole expired on April 17, 2024. *See* Pet. Ex. A.

*Tesara v. Wamsley*, No. CV 25-1723-MJP (TLF), 2025 WL 2637663, *3 (W.D. Wash. 2025) (finding that "[c]ontrary to Respondents' arguments, this private interest did not expire along with Petitioner's parole agreement"). The Court thus finds that Petitioner has a significant interest in her continued liberty, and accordingly, the first *Mathews* factor favors Petitioner.

With respect to the second factor, the risk of erroneous deprivation is significant because Petitioner has not been afforded an opportunity to contest her detention. Pet. ¶ 10. There is no evidence that Respondents employed any procedural safeguards before detaining petitioner. But under the circumstances here, due process requires that Respondents provide Petitioner with procedural safeguards, namely, a pre-deprivation bond hearing. *See Fernandez Lopez v. Wofford*, 2025 WL 2959319, *6 (E.D. Cal. 2025) ("[T]he risk of an erroneous deprivation [of liberty] is high where, as here, [the petitioner] has not received any bond or custody redetermination hearing." (cleaned up)); *Pinchi*, 792 F. Supp. 3d at 1035 (finding the risk of erroneous deprivation was significant where neither party "had an opportunity to determine whether there is any valid basis for [the petitioner's] detention"); *Juarez Fernandez v. Semaia*, No. CV 25-3412-SPG (MBK), 2026 WL 136229, at *6 (C.D. Cal. Jan. 13, 2026) (noting post-deprivation relief could result in the petitioner's indefinite detention "without any process"). Given the absence of any procedural safeguards to determine if Petitioner's re-detention was justified, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *A.E. v. Andrews*, No. CV 25-107-KES (SKO), 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). The second *Mathews* factor thus weighs in Petitioner's favor because the risk of erroneous deprivation of Petitioner's liberty is high.

///

///

///

With respect to the third factor, Respondents' interest in detaining Petitioner without notice, reasoning, and a hearing is low. Respondents have identified no legitimate interest that would support the specific detention of Petitioner despite the finding that she is not dangerous or a flight risk. Further, Respondents do not identify any fiscal or administrative burdens on the government that a pre-detention hearing would entail. District courts have observed that bond hearings impose minimal burden on the government. *See Singh v. Barr*, 400 F. Supp. 3d 1005, 1021–22 (S.D. Cal. 2019); *Hilario M.R. v. Warden*, No. CV 24-998-EPG (HC), 2025 WL 1158841, at *9 (E.D. Cal. Apr. 21, 2025)). The third *Mathews* factor weighs in Petitioner's favor.

On balance, the Court concludes that the *Matthews* factors weigh in favor of finding that Petitioner is entitled to a custody hearing before a neutral arbiter in which the government bears the burden of proving, by clear and convincing evidence, that materially changed circumstances have established that Petitioner is a danger to the community or a flight risk. In light of the significant liberty interest at stake, the high risk of erroneous deprivation, and Respondents' failure to show a significant interest in Petitioner's detention, Petitioner is entitled to more process than she received. *See Mathews*, 424 U.S. at 335.[3]

Having concluded that Petitioner is entitled to more process than she was provided, the Court notes that Respondents do not present any argument in opposition to Petitioner's request that she be released immediately from custody. *See* Pet. at 20; Ans. at 2. Accordingly, because Petitioner's re-detention without a pre-detention hearing violated her procedural due process rights, the Court orders that she be released immediately. This remedy – immediate release – will return Petitioner to the status quo before her release was improperly revoked.

---

[3] The Court declines to address Petitioner's claims arising under the Fourth Amendment and the APA because the Petition can be resolved on due process grounds.

9

## V.    **ATTORNEY'S FEES**

Petitioner requests costs and reasonable attorney's fees in this action pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.  Pet. at 21.  The Court will consider an application requesting costs and reasonable attorney's fees under the EAJA that is filed within thirty days of final judgment in this action.  *See* 28 U.S.C. § 2412(d)(1)(B).

## VI.    **CONCLUSION**

For the foregoing reasons, Petitioner's Petition for a writ of habeas corpus is **GRANTED IN PART**.  IT IS HEREBY ORDERED THAT:

- Respondents are ORDERED to immediately release Petitioner from their custody and place her on the same conditions as previously imposed;
- Respondents are ENJOINED from re-detaining Petitioner in a manner inconsistent with their regulations; and
- Respondents are further ORDERED to file a status report by April 7, 2026, case confirming that Petitioner has been released.

IT IS SO ORDERED.

DATED: April 3, 2026

/s/

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

10